1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES L. LANG JR.,

11           Plaintiff,                         No. CIV: 07-01125 ALA P

12        vs.

13   BUTTE COUNTY JAIL, et. al.,

14           Defendants.                        ORDER

15   _____/

16        Plaintiff James L. Lang Jr. is a state prisoner proceeding pro se.  Mr. Lang seeks relief

17   pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28

18   U.S.C. § 1915.  Mr. Lang has submitted an in forma pauperis application that makes the showing

19   required by 28 U.S.C. § 1915(a).  Accordingly, Mr. Lang will be granted leave to proceed in

20   forma pauperis.

21        Mr. Lang is required to pay the statutory filing fee of $350.00 for this action.  *See* 28

22   U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $10 will be assessed by this

23   Order.  *See* 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate

24   agency to collect the initial partial filing fee from Mr. Lang's prison trust account and forward it

25   to the Clerk of the Court.  Thereafter, Mr. Lang will be obligated to make monthly payments of

26   twenty percent of the preceding month's income credited to Mr. Lang's prison trust account.

1

1    These payments will be collected and forwarded by the appropriate agency to the Clerk of the

2    Court each time the amount in Mr. Lang's account exceeds $10.00, until the filing fee is paid in

3    full.  *See* 28 U.S.C. § 1915(b)(2).

4           Pursuant to 28 U.S.C. § 1915A(a), this Court is required to screen complaints brought by

5    prisoners seeking relief against a governmental entity or officer or employee of a governmental

6    entity.  The Court must dismiss a complaint or portion thereof if it "(1) is frivolous, malicious, or

7    fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a

8    defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A claim "is frivolous [if] it

9    lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

10          "At this stage of the litigation, [this Court] must accept [Mr. Lang]'s allegations as true."

11   *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court may dismiss a complaint only if it

12   is clear that no relief could be granted under any set of facts that could be proved consistent with

13   the allegations."  *Id.*

14          Mr. Lang named the Butte County Jail, Sheriff Perry L. Reniff and Chief Medical

15   Examiner Don Durrett as Defendants in this action.  However, the complaint does not indicate

16   whether the Mr. Reniff and Mr. Durrett are being sued in their individual or official capacities.

17   Mr. Lang makes three claims in his complaint.  His first and third claims appear to allege that the

18   Jail's medical staff treated his "lung problems" with deliberate indifference.  His second claim

19   alleges that the Jail's medical staff failed to properly treat his broken foot.

20          "To sustain an action under section 1983, a plaintiff must show (1) that the conduct

21   complained of was committed by a person acting under color of state law; and (2) that the

22   conduct deprived the plaintiff of a federal constitutional or statutory right."  *Hydrick v. Hunter*,

23   466 F.3d 676, 689 (9th Cr. 2006).  The Ninth Circuit has held that "[a] municipality cannot . . .

24   be held liable under § 1983 on a respondeat superior theory."  *Ulrich v. City and County of San*

25   *Francisco*, 308 F.3d 968, 984 (9th Cir. 2002) (internal quotation marks omitted).  "Liability may

26   attach to a municipality only where the municipality itself causes the constitutional violation

2

1   through execution of a government's policy or custom, whether made by its lawmakers or by

2   those whose edicts or acts may fairly be said to represent official policy." *Id.* (internal quotation

3   marks omitted).  "[A] municipality can be liable under § 1983 only where its policies are the

4   moving force behind the constitutional violation." *City of Canton, Ohio v. Harris*, 489 U.S. 378,

5   389 (1989) (internal quotation marks omitted).  Mr. Lang does not allege that his injuries were

6   caused as a result of an official policy of the Butte County Jail.  Accordingly, this Court must

7   dismiss Butte County Jail as a defendant in this action.

8          Additionally, the Ninth Circuit has "found supervisorial liability under § 1983  where the

9   supervisor was personally involved in the constitutional deprivation or a sufficient causal

10  connection exists between the supervisor's unlawful conduct and the constitutional violation."

11  *Edgerly v. City and County of San Francisco*, Nos. 05-15080, 05-15382, _ F.3d _; 2007 WL

12  2034040, at *11 (9th Cir. July 17, 2007) (internal quotation marks omitted).  "Thus, supervisors

13  can be held liable for: 1) their own culpable action or inaction in the training, supervision, or

14  control of subordinates; 2) their acquiescence in the constitutional deprivation of which a

15  complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights

16  of others." *Id.* (internal quotation marks omitted).   Mr. Lang has not alleged that Mr. Reniff and

17  Mr. Durrett personally participated in the alleged constitutional violations or caused the alleged

18  constitutional violations through their individual actions.  Mr. Lang has not even alleged that Mr.

19  Reniff and Mr. Durrett were aware of his alleged treatment by the Jail's medical staff.

20  Accordingly, this Court must also dismiss Mr. Reniff and Mr. Durrett as defendants in this

21  action.  Because all of the named Defendants are dismissed, this Court will dismiss the

22  complaint.  Mr. Lang is granted sixty-days leave to file an amended complaint.

23          If Mr. Lang chooses to amend his complaint, he should be aware that a § 1983 plaintiff

24  must demonstrate how the conditions complained of have resulted in a deprivation of his or her

25  constitutional rights.  *See Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658,

26  691 (1978) (holding that state officials and municipalities are only liable under § 1983 if there is,

3

1   at minimum, an underlying constitutional tort).  The plaintiff must also allege how each named

2   defendant was involved in depriving him or her of his or her constitutional rights.  *See Edgerly*

3   2007 WL 2034040, at *11-12; *Ulrich*, 308 F.3d at 984.  Furthermore, "[v]ague and conclusory

4   allegations of official participation in civil rights violations are not sufficient to withstand a

5   motion to dismiss." *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th

6   Cir. 1982).

7        In addition, Mr. Lang is informed that the Court cannot refer to a prior pleading in order

8   to make his amended complaint complete.  Local Rule 15-220 requires that an amended

9   complaint be complete in itself without reference to any prior pleading.  This is because an

10  "amended complaint supersedes the original, the latter being treated thereafter as non-existent."

11  *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

12       Accordingly, IT IS HEREBY ORDERED that:

13            1.  Mr. Lang's June 12, 2007 application to proceed in forma pauperis is granted.

14            2.  Mr. Lang is obligated to pay the statutory filing fee of $350.00 for this action.

15  Mr. Lang is assessed an initial partial filing fee of $10.  All fees shall be collected and paid in

16  accordance with this Court's order to the Director of the California Department of Corrections

17  and Rehabilitation filed concurrently herewith;

18            3.  Mr. Lang's complaint is dismissed and he is granted sixty-days from the date

19  of service of this Order to file an amended complaint.  Failure to file an amended complaint in

20  accordance with this Order will result in dismissal of the entire action with prejudice.

21  DATED: August 13, 2007

22

23                                /s/ Arthur L. Alarcón
                                  UNITED STATES CIRCUIT JUDGE
24                                Sitting by Designation

25

26

4